

Dane L. Hines (#7886)
Law Offices of Dane L. Hines
524 W 300 N #103
Provo, Utah 84601
Tel: 801-379-0300 Fax: 801-375-2590
Attorney for Evan Spencer

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EVAN SPENCER, individually and on behalf of all persons similarly situated<br><br>               Plaintiffs<br><br>vs.<br><br>HEATHER S. WHITE<br>SNOW, CHRISTENSEN & MARTINEAU,<br>A PROFESSIONAL CORPORATION<br><br>               Defendant(s) | 2-02CV-0514J<br><br>COMPLAINT<br>( Proposed Class Action)<br><br>Civil No.<br>Judge:<br><br>( JURY TRIAL REQUESTED) |

Plaintiff complains against Defendant(s) and alleges on information and belief as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter " FDCPA") .

2. This Court has jurisdiction pursuant to 15 U.S.C.§1692 k (d) and 28 U.S.C. § 1331, without consideration of the amount in controversy or citizenship of the parties.

3. Plaintiff, Evan Spencer is a natural person residing in Salt Lake County Utah.

4. Defendant Heather S. White (hereinafter " White")is an individual resident of the State of Utah.

5. Defendant Heather S. White is an attorney licensed in the State of Utah and practicing law with the firm of Snow, Christensen & Martineau, PC.

6. Defendant Snow Christensen & Martineau ( hereinafter " Snow Christensen") is a Utah professional corporation in good standing.

7. Plaintiff is a consumer within the meaning of 15 U.S.C.§ 1692a (3).

8. Defendants White and Snow Christensen are debt collectors within the meaning of 15 U.S.C. §1692a(6).

9. Plaintiff is allegedly indebted to a Creditor, Russell Packard Development, Inc. for a debt that arose from a transaction primarily for personal, family, or household purposes within the meaning of U.S.C. 15. U.S.C §1692 a (5).

10. On May 29, 2001 Defendants sent and /or caused to be sent a letter, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference, to Plaintiff.

11. Said letter violated the FDCPA section 1692g in that it failed to provide Plaintiff the notices contained in sections 1692g (a)(3)(4) and (5).

## CLASS ACTION

12. The named Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the federal Rules of Civil Procedure.

13. The proposed class consists of all consumers who have received communications regarding debts or alleged debts of said consumer where said debts arose from a transaction primarily for personal family or household purposes, from Defendants White and/or Snow Christensen, including any of its attorneys, or other employees, which communications violate 15 U.S.C. 1692g by failing to include the validation notices required by said section.

14. There are questions of law or fact common to each class member, including but not limited the issue of wether Defendants communications to the class members violated 15 U.S.C. 1692g.

15. The claims of the named plaintiff are typical of those of each class member being based upon violation of the same specific section and subdivision of the FDCPA, namely section 1692g.

16. The named plaintiff will adequately and fairly protect the interests of each class member.

17. Questions of law and fact common to each class member predominate over any questions affecting the individual members and a class action is an appropriate method for the fair and efficient adjudication of this controversy.

18. Class members have been individually damages by not less than $1000.00 each.

## ALLEGATIONS SPECIFIC TO THE NAMED PLAINTIFF

19. As a consequences of Defendants' violation of Plaintiff Evan Spencer's statutory rights under section 1692g by failing to give the proper notices, Plaintiff Evan Spencer was not properly place on notice of his rights to dispute the debt, require verification of the debt, and to have Defendants suspend collection efforts until such verification was provided.

20. Because Plaintiff Evan Spencer was not given notice of his right to dispute the debt he did not effectively oppose the subsequent collection complaint and did not seek legal counsel in regards to the collection action.

21. Had Plaintiff Evan Spencer been notified of his rights he would have sought verification of the debt, required Defendants to suspend collection until verification was provided and would have been reasonably alerted to his rights such that he would have obtained legal counsel.

22. Had Plaintiff Evan Spencer been alerted to his legal rights under the FDCPA he would have obtained legal counsel and would have been able to resolve the account without having the claim against him go to judgment or incur post judgment costs, interest, and attorney's fees.

23. Currently, Defendants have obtained a judgment against Plaintiff Evan Spencer in a state court collection action and have claimed post-judgment costs, interest and attorneys's fees totalting $ 5,175.98

24. As a direct consequence of Defendant's violation of Plaintiff Evan Spencer's notification and validation rights under the FDCPA, Plaintiff Evan Spencer has suffered actual damages of damages of $ 5,175.98.

25. Plaintiff has suffered additional actual damages of not less than $10,000.00 in that he has a judgment entered against him which reflects negatively on his credit for the next six years at least and he has been subject to sever emotional distress from dealing with Defendant's collection efforts all of which would have been avoided had Plaintiff been placed on notice of his statutory rights.

26. Pursuant to 15 U.S.C. 1692 k Plaintiff Evan Spencer is entitled to recover from Defendants actual damages plus statutory damages of $1,000.00 plus reasonable attorney's fees and costs of court.

27. Plaintiff has incurred and/or reasonably expects to incur attorneys fees of not less than $5,000.00.

WHEREFORE Plaintiff prays for judgement against the Defendant(s) HEATHER S. WHITE, and SNOW, CHRISTENSEN & MARTINEAU, A PROFESSIONAL CORPORATION, as follows:

(a) For a actual damages, in the principal amount of $16,175.98 in favor of Plaintiff Evan Spencer.

(b) For statutory damages of $ 1000.00, plus interest at the statutory rate from the date said damages first occurred being 5/29/01 until paid, in favor of Evan Spencer.

(c) For damages for all other class member of $1000.00 each not to exceed the lesser of $500,000.00 or 1% of the net worth of each Defendant

(d) For reasonable attorney's fees pursuant to; 15 U.S.C. 1692k in an amount of not less than $5,000.00.

(e) For Plaintiff's costs of Court incurred herein.

(f) For such other relief as the court deems proper.

## JURY REQUEST

Request is hereby made for trial of all facts to a jury.

RESPECTFULLY SUBMITTED:

DATED: 5/23, 200 1

Dane L. Hines
Law Offices of Dane L. Hines
Attorney for Plaintiff

Evan Spencer
14215 Molasses Mill Drive
Draper, Utah 84020

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.